**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JERRY RAY HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 7:19CV00811** |
| | ) | |
| **v.** | ) | <u>**MEMORANDUM OPINION**</u> |
| | ) | |
| **TIMOTHY K. SANNER, <u>ET</u> <u>AL.</u>,** | ) | **By:  Hon. Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

Plaintiff Jerry Ray Hall, a Virginia inmate proceeding <u>pro se,</u> filed this civil rights action under 42 U.S.C. § 1983, alleging that actions or inactions by various state officials caused him to be wrongfully accused and tried for violating his conditions of release.  After review of the pleading, the court concludes that this action must be summarily dismissed.

Hall's complaint names as defendants Louisa County Judge Timothy K. Sanner and Prosecutor Russell E. McGuire, Probation Officer Rachel Bibb, and Hall's court-appointed defense counsel, Adam C. Rhea.  Although Hall's allegations against each defendant are sparse, the court liberally construes his complaint as alleging the following claims regarding his 2019 probation revocation proceedings in the Louisa County Circuit Court:  (1) Bibb accused Hall of "violation probation by this made up story she claim[ed he] said over a phone call"; (2) Rhea "refused to correspondent [sic] note's [Hall] wrote him" from jail and did not object to Bibb's story in court; (3) McGuire misstated facts about Hall's sentences and past probation violation; and (4) Judge Sanner "play[ed] favoritism on Probation Officer" Bibb and refused to grant Hall "a new trial even a retrial."  Compl. 2-3, ECF No. 1.  As relief in this case, Hall seeks monetary damages.  <u>Id.</u> at 4.

Hall's complaint also includes the following allegations:

I fight this case till I gotten result and my witnesses were heard in the Circuit Court my witnesses were not mended [sic] in court.  So now they found out I been telling the truth this whole time.  I have a new Release date and I want this Court Judge to grant me relief.  The court found and declared my innocent [sic] and like to get pardoned and to received loss of time. . . .

Compl. 3, ECF No. 1.  In a later submission, Hall alleges that without any proof or witnesses, he was sentenced for a crime that did not happen, but the prosecutor and the judge refused to allow Hall's witnesses to testify.  Add. Evid. 2, ECF No. 6.  State court records online indicate that Hall's probation was revoked on several counts in January 2019, and the records do not show that Hall appealed the revocations.  Hall also presents no court order or other documentation of these revocation rulings being vacated or altered in any way.[1]

The court must dismiss any complaint or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1), (2).  To state a claim under § 1983, the plaintiff must allege facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights.  See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).

As an initial matter, some of the defendants whom Hall has named enjoy absolute immunity against his § 1983 claims for monetary damages.  It is well-settled that judges have

---

[1]  Hall is advised that if he wishes to challenge the validity of his confinement under the January 2019 revocations, he may do so by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he has first pursued and completed all available state court remedies.  Because his submissions in this case do not include sufficient information, the court declines to construe or address them as a § 2254 petition.  Hall is also advised that, generally, a Virginia inmate may file a petition for a writ of habeas corpus in the circuit court that entered the challenged judgment, with a subsequent appeal to the Supreme Court of Virginia, or he may file his habeas petition directly in the Supreme Court of Virginia.  Only when state habeas corpus proceedings have concluded may this federal court address any habeas corpus claims concerning the revocation judgment at issue in this case.

immunity from claims arising out of their judicial actions.  <u>Mireles v. Waco</u>, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just from the ultimate assessment of damages, and such immunity is not pierced by allegations of error or bad faith.  <u>Id.</u> at 11; <u>see also</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.").[2]

A prosecutor also has absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process.  <u>See</u> <u>Van de Kamp v. Goldstein</u>, 555 U.S. 335, 341-343 (2009).  For example, when a prosecutor takes steps to initiate judicial proceedings or conducts a criminal trial, absolute immunity applies.  <u>Id.</u> at 343.

From Hall's brief allegations, it is clear that the prosecutor and judge named as defendants are absolutely immune from liability for monetary damages for the actions taken in their respective roles in the judicial process during Hall's revocation proceedings.  Accordingly, the court will dismiss Hall's claims against these defendants with prejudice, pursuant to § 1915A(b)(2).

Hall also alleges that his defense counsel committed some error during the revocation proceedings.  Hall has no actionable § 1983 claim against defense counsel, however, because an attorney serving in this role does not act under color of state law.  <u>See</u>, <u>e.g.</u>, <u>Polk Cty. v. Dodson</u>, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when

---

[2]  The court has omitted citations, internal quotation marks, and alterations here and elsewhere in this memorandum opinion, unless otherwise noted.

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Therefore, the court will dismiss Hall's claim against Rhea with prejudice.

Furthermore, Hall has not shown that he can bring claims for monetary damages against anyone involved in his revocation proceedings.  He apparently complains that the defendants' actions somehow caused his probation to be wrongfully revoked, resulting in more prison time. Claims of this nature, challenging the fact or the duration of the plaintiff's confinement, are not actionable under § 1983 unless the judgment imposing the term of confinement has been overturned or set aside.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id.

If Hall could prove, as he alleges, that the defendants' actions caused him to be wrongfully confined, such findings would necessarily imply that the state court judgments under which he is now incarcerated were in error.  Because Hall offers no evidence that any judgment or judgments against him have been overturned or expunged, any cause of action for damages which he may have against anyone—for wrongful actions that contributed to the procurement of such a judgment—has not yet accrued.  Id.  Therefore, Hall's § 1983 claims against the defendants for contributing to his allegedly unlawful confinement are not yet actionable under § 1983.

4

For the stated reasons, the court will dismiss Hall's claims against Sanner, McGuire, and Rhea with prejudice under § 1915A(b)(2), and will dismiss all remaining claims without prejudice, pursuant to § 1915A(b)(1), for failure to state any claim yet actionable under § 1983. An appropriate order will issue herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This ___16th___ day of April, 2020.

_____

Senior United States District Judge

5